LUCIUS H. BEERS AND HENRY DE FOREST BALDWIN, EXECUTORS, PROSECUTORS, v. EDWARD I. EDWARDS, COMPTROLLER.

Submitted December 6, 1912—Decided February 24, 1913.

In fixing the transfer tax on stocks of New Jersey corporations which had belonged to a decedent domiciled in New York, it is erroneous, for the purpose of ascertaining the entire tax on the estate, to include in the valuation real estate situated in New York; the act of 1909 requires that the entire tax shall be that to which the estate would have been subject if the non-resident had been a resident of this state, and New York real estate could not in that event 'have been included in the valuation.

On *certiorari.*

Before Justices Swayze, Voorhees and Kalisch.

For the prosecutors, *Stephen H. Little* (*Herbert C. Lakin* of New York on the brief).

For the state, *Theodore Backes* and *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

SWAYZE, J.  The only question raised in this case is the proper construction of section 12 of the Transfer Tax act of 1909.  *Pamph. L., p.* 325.  The decedent was a resident of New York.  A large part of his property was real estate in that state.  In fixing the tax on the transfer of stocks in New Jersey corporations, the comptroller computed the entire tax of the estate upon an amount which included the value of the New York real estate.  To this inclusion of the New York real estate the prosecutors object.  The language of the statute with which we are concerned is:  "Such property located within this state shall be subject to a tax, which said tax shall bear the same ratio to the entire tax which the said estate of such decedent would have been subject to under this act if such non-resident decedent had been a resident of this state, as such property located in this state bears to the entire estate of such non-resident decedent wherever situated."  Stated more narrowly, the case turns on the meaning of the clause "the entire tax which the said estate of such decedent would have been subject to under the act if such non-resident decedent had been a resident of this state."  When the exact question is thus stated, we think the difficulty in answering it disappears.  If the decedent had been a resident of this state, no tax could have been imposed on real estate situated in New York, since that portion of his property was beyond the jurisdiction of New Jersey, and to tax it would violate the rights secured by the fourteenth amendment to the federal constitution.  It suffices to cite *Louisville, &c., Ferry Co.* v. *Kentucky,* 188 *U. S.* 385, and *Union Transit Co.* v. *Kentucky,* 199 *Id.* 194, as to the general principle, and *In re Swift's Estate,* 137 *N. Y.* 77, and *Connell* v. *Crosby,* 210 *Ill.* 380, as to the applicability of the principle to inheritance taxes.  The result follows logically from the legal theory upon which inheritance taxes are justified, that the rights of testamentary disposition and of succession are creatures of law upon the exercise and operation of which the lawmaker may impose terms.  *Neilson* v. *Russell,* 47 *Vroom* 27, 655.  The succession to land in New York,

whether by will or intestacy, depends upon the law of New York, and that privilege not being the creature of New Jersey cannot be made subject to terms by this state.   Since no tax could have been imposed by reason of the New York real estate if the decedent had resided here, that real estate cannot, under the language of the statute, be included in estimating the entire tax upon the estate for the purpose of ascertaining the amount to be imposed on the New Jersey stocks.   We do not mean to say that the legislature might not have adopted another basis for the computation of the entire tax; it might perhaps have enacted that the entire tax should be the amount to which the estate would have been subject if the decedent had been a resident of New Jersey, and all his property had been situated here.   Instead of so enacting, the legislature made a distinction; it took as one term of the proportion the tax to which the estate would have been subject if the decedent had been a resident; it took as another term of the same proportion "the entire estate of such non-resident decedent *wherever situated.*"   The legislature, therefore, had in mind the distinction between the estate taxable by reason of the decedent's domicile and the entire estate *wherever situated.*   In the one clause it used the words "entire tax," in the other clause the words "entire estate."

The same line of reasoning is applicable to the devises and bequests for life with remainder over.   If the decedent had resided in New Jersey, the tax on those remainders would have been governed by sections 2 and 3 of the act.   The same rule must be applied for the estimation of the entire tax although he resided in New York.

The state does not question the right of the prosecutors to have the assessment corrected by reason of the fact that the tax as assessed has been paid.   If counsel cannot agree upon the proper amount, we will fix it upon application.